UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



YORK AMATEUR SOFTBALL
ASSOCIATION,

    Plaintiff,

v.                      CIVIL ACTION NO: 2:12cv475

VIRGINIA LEGENDS ELITE
SOFTBALL ORGANIZATION, LLC,

and

JEFFREY STANDISH,

    Defendants.

## MEMORANDUM ORDER

This matter comes before the court on the Motion to Dismiss of Defendant Jeffrey Standish ("Motion to Dismiss"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion to Dismiss is ripe for review, and, for the reasons below, it is **DENIED**.

### I. Factual and Procedural Background

The Plaintiff, York Amateur Softball Association ("York"), brings claims of trademark infringement and unfair competition against Virginia Legends Elite Softball Organization, LLC ("VLESO") and Jeffrey Standish ("Standish"). Compl. ¶¶ 22-33. (ECF No. 1.) York claims to be the owner of the service marks "VIRGINIA LEGENDS FASTPITCH AND DESIGN" and "VIRGINIA LEGENDS;"

it has also filed an application for the "VIRGINIA LEGENDS LOGO" mark. Id. ¶¶ 8-11. In its Complaint, York alleges that the Defendants have copied York's service marks and the color scheme of York's uniforms and equipment. Id. ¶¶ 17-18. York makes several allegations about Standish's and VLESO's conduct, including that Standish is the alter ego of VLESO and that Standish makes all business decisions surrounding VLESO's operations. Id. ¶¶ 3, 14-21.

On August 22, 2012, Plaintiff filed its Complaint. (ECF No. 1.) Standish filed the instant Motion to Dismiss and an accompanying Memorandum in Support on September 19, 2012, and York filed its Memorandum in Opposition on October 3, 2012. (ECF Nos. 6, 7, & 9.) Standish requested a hearing on October 5, 2012,[1] and filed his Reply on October 9, 2012. (ECF Nos. 12 & 13.)

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than

---

[1] After full examination of the briefs and the record, the court has determined that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).

2

labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating motions to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1950. That is, the court accepts facts alleged in the complaint as true and views those facts in the

light most favorable to the plaintiff. Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

### III. Analysis

Standish argues that York has not alleged facts sufficient to support piercing VLESO's corporate veil and that, therefore, Standish should be dismissed from this action. Def.'s Mem. Supp. at 4. (ECF No. 7.)

Under Virginia law, a court may pierce the veil of a business entity when it finds (i) "a unity of interest and ownership" between the individual and the entity, and (ii) that the individual used the entity "to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 434 (4th Cir. 2011) cert. denied, 132 S. Ct. 575 (2011) (citing C.F. Trust, Inc. v. First Flight Ltd., 306 F.3d 126, 132 (4th Cir. 2002)). The decision to pierce a corporate veil "is to be taken reluctantly and cautiously." In re County Green Ltd., 604 F.2d 289, 292 (4th Cir. 1979) (citing DeWitt Truck Brokers v. W. Ray Flemming Fruit Co., 540 F.2d 681, 685 (4th Cir. 1976)). No single factor

4

is determinative when analyzing unity of interest and ownership, but the Supreme Court of Virginia has held that the following considerations are relevant: "(i) whether personal and business assets were commingled, (ii) whether the individual 'siphoned [business] assets into their own pockets,' (iii) whether the business entity was undercapitalized, or (iv) whether business formalities were observed.'" C.F. Trust, Inc. v. First Flight Ltd., 140 F. Supp. 2d 628, 643 (E.D. Va. 2001) aff'd, 338 F.3d 316 (4th Cir. 2003) (quoting Cheatle v. Rudd's Swimming Pool Supply Co., 234 Va. 207, 213 (1987)).

Standish argues that York has not sufficiently pled facts to show that he and VLESO are united by interest and ownership. Def.'s Reply at 2-4. (ECF No. 13.) Standish acknowledges that York characterizes Standish as the alter ego of VLESO, but Standish argues that more is required. Id. Standish is correct that an allegation that he is the alter ego of VLESO would not be sufficient, without further factual allegations, to survive a motion to dismiss. See S.E.C. v. Woolf, 835 F. Supp. 2d 111, 124 (E.D. Va. 2011). The wealth of other facts York offers, however, when assumed true and viewed in the light most favorable to York, paints a picture of Standish as the primary, if not sole, force behind VLESO. For example, York alleges that Standish makes all decisions regarding VLESO's business operations, that Standish incorporated VLESO, that Standish

5

filed an abandonment of VLESO's application to the United States Patent and Trademark Office, along with several other allegations as to VLESO's and Standish's joint conduct. Compl. ¶¶ 3, 14, 16-21. The ultimate decision of whether to pierce the corporate veil will largely turn on the resolution of questions of fact, In re County Green, 604 F.2d at 292, and the court will not require York to allege more about VLESO's corporate structure and relationship with Standish at this early, pre-discovery juncture.

Standish also argues that York has not pled facts to support the second prong of the veil-piercing inquiry. Def.'s Mem. Supp. at 4. (ECF No. 7.) To survive a motion to dismiss, York must allege that Standish used VLESO "to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." Newport News, 650 F.3d at 434. York has done so here. Courts have allowed trademark infringement to satisfy the second prong in the inquiry into piercing the corporate veil. See, e.g., id.; Sea-Roy Corp. v. Parts R Parts, Inc., 173 F.3d 851, at *4 (4th Cir. 1999) (unpublished table opinion). Because York has alleged that Standish and VLESO committed trademark infringement and

unfair competition, along with supporting factual allegations, dismissal is not appropriate at this juncture.²

### IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge
REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 31, 2012

---

² The determination of whether to pierce VLESO's corporate veil may ultimately be moot since it is "well-established that an individual corporate officer or director can be held personally liable for trademark infringement." Stafford Urgent Care, Inc. v. Garrisonville Urgent Care, P.C., 224 F. Supp. 2d 1062, 1065-66 (E.D. Va. 2002) (discussing Donsco, Inc. v. Casper Corp., 587 F.2d 602, 606 (3d Cir. 1978)).